# EXHIBIT A

Zoom-In     Zoom-Out

**Home > Search > Case Search**

## Case Details - GD-24-000542  Class Action

**Floyd vs United States Steel Corporation**

**Filing Date:**
01/16/2024

**Filing Time:**
04:50:21

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Employment Dispute - Other

**Court Type:**
General Docket

**Current Status:**
Sheriff Return

**Jury Requested:**
Y

### ▬ Parties Count : 4

#### --Litigants--   Search

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Floyd | Christopher | | Plaintiff | | -- | Robert Andrew Sanitllo |
| United States Steel Corporation | | | Defendant | | 02/07/2024 12:45 | -- |

Showing 1 to 2 of 2 rows

#### --Attorney--   Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Sanitllo | Robert | Andrew | Plaintiff's Attorney | 715 Twining Road Suite 211 Dresher PA 19025 | 2158842491 |
| Conboy | Timothy | | Plaintiff's Attorney | Conboy Law LLC 733 Washington Rd Ste 201 Pittsburgh PA 15228 | 4123439060 |

Showing 1 to 2 of 2 rows

#### --Non Litigants--   Search

No matching records found

Top

### ▬ Docket Entries Count : 3   Search

| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|---|---|---|---|---|
| 2/7/2024 | Sheriff Return | United States Steel Corporation was served with Complaint on 07-FEB-24 12:45 PM by Served - Adult Agent or person in charge of Defendant(s) office or usual place of business. LISA STEWART | Sheriff - Allegheny County | Sheriff Return |
| 1/22/2024 | Praecipe for Appearance | On behalf of Plaintiff Christopher Floyd | Timothy Conboy | 📄 Document 2 |
| 1/16/2024 | Complaint | | Christopher Floyd | 📄 Document 1 |



Showing 1 to 3 of 3 rows

**━ Event Schedule Count : 0**

No matching records found

**━ Services Count : 1Complete Service History**

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| Complaint | United States Steel Corporation | 600 Grant Street Pittsburgh, PA 15219 Pittsburgh | United States Steel Corporation | Rainey Kirkland | 2/7/2024 | 12:45 | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |

Showing 1 to 1 of 1 rows

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION**

COVER SHEET

| Plaintiff(s)             Vs | |
|---|---|
| CHRISTOPHER FLOYD | Case Number : |
| | Type of pleading : |
| | CLASS ACTION COMPLAINT |
| Vs. | Filed on behalf of |
| Defendant(s) | CHRISTOPHER FLOYD |
| UNITED STATES STEEL CORPORATION | (Name of the filing party) |
| | ■ Counsel of Record |
| | ☐ Individual, If Pro Se |
| | Address, Telephone Number, and Email Address: |
| | R. Andrew Santillo<br>Winebrake & Santillo, LLC<br>Twining Office Center, Suite 211<br>715 Twining Road<br>Dresher, PA 19025<br>Ph: (215) 884-2491<br>E-Mail: asantillo@winebrakelaw.com |
| | Attorney's State ID   93041 |
| | Attorney's Firm ID |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER FLOYD,** | **CIVIL DIVISION** |
| **PLAINTIFF,** | **No. _____** |
| **v.** | |
| **UNITED STATES STEEL CORPORATION,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
| **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

### <u>NOTICE TO DEFEND</u>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

<u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

**LAWYER REFERRAL SERVICE**
**THE ALLEGHENY COUNTY BAR ASSOCIATION**
**736 SEVENTH AVENUE - 400 KOPPERS BUILDING**
**PITTSBURGH, PA 15219**
**(412) 261-0518 - (412) 465-3955**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER FLOYD,** | **CIVIL DIVISION** |
| **PLAINTIFF,** | **No.** _____ |
| **v.** | |
| **UNITED STATES STEEL CORPORATION,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
| **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

<u>**CLASS ACTION COMPLAINT**</u>

Christopher Floyd ("Plaintiff") brings this class action lawsuit against United States Steel Corporation ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* As indicated herein, Plaintiff alleges that Defendant has violated the PMWA by failing to pay wages for time associated with various required work activities arising at the beginning and end of the workday within the premises of Defendant's Edgar Thomson Plant. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

<u>**PARTIES**</u>

1.    Plaintiff is an adult individual residing in Pittsburgh, Pennsylvania (Allegheny County).

2.    Defendant is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania and headquartered in Pittsburgh, Pennsylvania (Allegheny County).

<u>**JURISDICTION AND VENUE**</u>

3.    This Court has personal jurisdiction over Defendant.

4.    Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006

1

and 2179 because Defendant conducts business in Allegheny County and maintains a corporate headquarters in Allegheny County.

## **FACTS**

5.      Defendant owns and operates "an integrated steelmaking operation" called "Mon Valley Works" that "includes four separate facilities: the Clairton Plant; the Edgar Thomson Plant; the Irvin Plant; and the Fairless Plant."  *See* https://www.ussteel.com/about-us/locations (last accessed Jan. 10, 2024).

6.      The Edgar Thomson Plant is located in Braddock, Pennsylvania.  At the plant, "[r]aw materials are combined in blast furnaces to produce liquid iron, which is then refined to create steel." *Id.*

7.      Defendant employs individuals who have been paid an hourly wage to perform work at the Edgar Thomson Plant (hereafter "Hourly Employees").

8.      Plaintiff was employed as an Hourly Employee from 2020 until approximately the fall of 2021.

9.      Plaintiff and other Hourly Employees often worked 40 or more hours per workweek.

10.      Defendant, as a matter of policy, fails to pay Plaintiff and other Hourly Employees for all compensable hours as required by the PMWA.

11.      For example, at the beginning of the workday, Defendant does not pay Plaintiff and other Hourly Employees any compensation for time associated with the following activities within the Plant:  waking to locker room/changing area from the Plant entrance area; showering; waiting for, gathering, and donning personal protective equipment ("PPE"); walking to assigned work locations.

2

12.    Meanwhile, at the end of the workday, Defendant does not pay Plaintiff and other Hourly Employees any compensation for time associated with the following activities within the Plant:  walking from assigned work locations to the locker room/changing area; doffing and returning PPE; showering; and walking from the locker room/changing area to the Plant exit area.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on behalf of himself and all individuals who, during any full workweek within the past three years, have been paid an hourly wage to perform work at the Edgar Thomson Plant.

14.    This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.  Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Pennsylvania's class action requisites are satisfied.

15.    The class includes hundreds of individuals and thus is so numerous that joinder of all individual members is impracticable.  Members of the class are objectively ascertainable based on payroll data maintained or controlled by Defendant.

16.    Defendant's conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class.  In particular, Plaintiff challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices.  As such, the outcome of this lawsuit will be determined based on the application of common legal principles to a common set of facts.

17.    Plaintiff's claims and Defendant's defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies.  Furthermore, Plaintiff's interest in pursuing his PMWA claim is aligned with the interests of the class as a whole and, if successful, his claim will benefit the class as a whole.

18.    Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*:

(a)    Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class;

(b)    Plaintiff and Plaintiff's counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and

(c)    Plaintiff and Plaintiff's counsel have adequate financial resources to assure that the interests of the class will not be harmed.

19.    A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

(a)    Common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member;

(b)    All class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

(c)    The monetary damages sought on behalf of the class are readily calculated and attributable to class members;

(d)    Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout western Pennsylvania;

(e)    Because Defendant is headquartered in Allegheny County, this Court is an appropriate forum for litigating of the claims of the entire class;

(f)    The complexities of the issues and the expense of litigating the

4

separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant. Adequate notice of this class action can be provided to class members by hand distribution and/or direct mail; and,

(g)     Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights.

## COUNT I

20.    All previous paragraphs are incorporated as though fully set forth herein.

21.    Defendant is an employer covered by the PMWA's mandates.

22.    Plaintiff and other class members are employees entitled to the PMWA's protections.

23.    The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and

5

must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021). Time associated with the activities described in paragraphs 11-12 *supra* exemplify the types of compensable time covered by the PMWA.

24. The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

25. Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime wages for time associated with the activities described at paragraphs 11-12 *supra*.

## JURY DEMAND

26. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A.    Unpaid overtime wages;

B.    Prejudgment interest;

C.    Litigation costs, expenses, and attorney's fees; and

D.    Such other and further relief as this Court deems just and proper.

January 16, 2024

Peter Winebrake
R. Andrew Santillo
WINEBRAKE & SANTILLO, LLC
715 Twinging Road, Suite 211
Dresher, PA 19025
(215) 884-2491

6

Timothy Conboy
CONBOYLAW, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
(412) 343-9060

*Counsel for Plaintiff and the Putative Class*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER FLOYD,** | **CIVIL DIVISION** |
|                 **PLAINTIFF,** | **No. _____** |
| **v.** | |
| **UNITED STATES STEEL CORPORATION,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
|                 **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

## <u>VERIFICATION</u>

The undersigned Plaintiff, **CHRISTOPHER FLOYD**, herein avers that the statements of fact contained in the foregoing **Plaintiff's Complaint** are true and correct to the best of his information, knowledge, and belief, and are made subject to the penalties to 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


_____                   _____
    01/13/2024

Date

8

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

CHRISTOPHER FLOYD,

              PLAINTIFF,

v.

UNITED STATES STEEL
CORPORATION,

              DEFENDANT.

CIVIL DIVISION - LAW

No. GD 24 - 000542

PRAECIPE FOR APPEARANCE-
Timothy Conboy, Esquire

FILED ON BEHALF OF PLAINTIFF:
Christopher Floyd

COUNSEL OF RECORD FOR THIS PARTY:
R. Andrew Santillo, Esquire
PA ID No. 93041
715 Twining Road, Suite 211
Dresher, PA 19025
WINEBRAKE & SANTILLO, LLC

And-
Timothy Conboy, Esquire
PA ID No. 36495
tim@conboylaw.com

CONBOY LAW, LLC
733 Washington Road
Suite 201
Pittsburgh, PA 15228

(412) 343-9060 phone
(412) 343-9062 facsimile

JURY TRIAL DEMANDED

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER FLOYD,** | **CIVIL DIVISION - LAW** |
| **PLAINTIFF,** | **No. GD 24 - 000542** |
| **v.** | |
| **UNITED STATES STEEL CORPORATION,** | |
| **DEFENDANT.** | |

<u>**PRAECIPE FOR APPEARANCE**</u>

**TO:   Director of Court Records**
**Department of Court Records, Civil Division**

Kindly enter the appearance of Timothy Conboy, Esquire, on behalf of the plaintiff Christopher Floyd in the above-captioned case.

Papers may be served at the address set forth below.

Respectfully submitted,

*/s/ Timothy Conboy*
Timothy Conboy, Esquire
PA ID No. 36495
tim@conboylaw.com

**CONBOY LAW, LLC**
733 Washington Road, Suite 201
Pittsburgh, PA 15228

(412) 343-9060 phone
(412) 343-9062 facsimile

*Counsel for the Plaintiff*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER FLOYD,** | **CIVIL DIVISION - LAW** |
| **PLAINTIFF,** | **No. GD 24 - 000542** |
| **v.** | |
| **UNITED STATES STEEL CORPORATION,** | |
| **DEFENDANT.** | |

**<u>CERTIFICATE OF COMPLIANCE</u>**

      I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Conboy Law, LLC

Signature:     */s/ Timothy Conboy 01/22/2024*

Name:       Timothy Conboy, Esquire

Attorney No.:  PA ID No. 36495